(97 Misc. Rep. 7)

LEVIN v. NEW ENGLAND CASUALTY CO.

(Supreme Court, Appellate Term, First Department.   October 25, 1916.)

1. PLEADING ☞307—AMENDED COMPLAINT—REFERENCE TO ORIGINAL COMPLAINT.

The allegation of the amended complaint that a copy of the policy was attached to the original complaint did not make the policy a part of the amended complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 930–934; Dec. Dig. ☞307.]

2. INSURANCE ☞514—LIABILITY INSURANCE.

Where a policy against loss on account of bodily injuries accidentally suffered by the use of an automobile did not by its terms provide for consent by the insurer to a settlement of any claim for less than the $5,000 limit of the policy, provided the sum the claimant was willing to accept was reasonable and fair and less than the amount that would probably be recovered in an action, and the insurer, to relieve itself of the payment of $750 of the $3,150 for which an injured party was willing to settle, refused to so settle unless the insured contributed $750 to the amount, threatening to allow the case to go to trial and subject insured to the hazard of having a verdict recovered against him in excess of the $5,000 limit of the policy, thus forcing insured to pay, insured had no cause of action to recover the $750 so paid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1298; Dec. Dig. ☞514.]

Appeal from City Court of New York, Special Term.

Action by William Levin against the New England Casualty Company.  From an order overruling its demurrer to the amended complaint, defendant appeals.  Order reversed, and demurrer sustained, with leave to plaintiff to plead over.

Argued   October   term,   1916,   before   GUY,   BIJUR,   and SHEARN, JJ.

Menkel & Hinckley, of New York City (Wm. Cocks, Jr., and Anthony M. Menkel, both of New York City, of counsel), for appellant.

Morris & Samuel Meyers, of New York City (George Wolf and Samuel Meyers, both of New York City, of counsel), for respondent.

GUY, J.   In this action, based on a policy of accident insurance issued to plaintiff by defendant, plaintiff seeks to recover moneys which he claims defendant forced him to contribute toward the settlement of an action brought against him by one accidentally injured by plaintiff's automobile.

[1] Although the amended complaint alleges the making of the policy and performance of its conditions by the plaintiff, the policy is not made a part of the amended complaint, nor is its substance pleaded.  The allegation that a copy of the policy is attached to the original complaint does not make the policy a part of the amended complaint.  As a result, therefore, many of the allegations as to the contents of the policy are mere conclusions of law.

[2] The complaint, however, sufficiently alleges the execution and delivery, on or about June 10, 1912, of a policy by defendant insuring plaintiff against loss or expense on account of bodily injuries accidentally suffered by reason of the use of his automobile, due performance of all the conditions of the policy on the part of the plaintiff,

injuries accidentally sustained December 22, 1912, by one Feuer through the use of the automobile, and the bringing of an action against the plaintiff to recover $10,000 damages for such injuries; that in full settlement of his claim Feuer subsequently consented to receive $3,150, which sum was within the liability of $5,000 assumed by the defendant under the policy, and represented a fair and reasonable settlement of the claim; that the defendant, for the purpose of relieving itself of the payment of part of said sum of $3,150, namely, of $750, and forcing and compelling the plaintiff to contribute the said sum to the defendant for the purpose of effecting a compromise and settlement of the action, unreasonably and unjustly refused to settle or compromise the claim unless the plaintiff would contribute $750 to said sum of $3,150, and threatened that, unless plaintiff would contribute said amount, defendant would allow the case to go to trial and subject the plaintiff to the hazard of having a verdict recovered against him in excess of the $5,000 limit of the policy, and forced and compelled plaintiff to pay said sum of $750. There is, however, no allegation that by the terms of the policy defendant agreed to consent to a settlement of any claim for less than the $5,000 limit, provided the sum the claimant was willing to accept was reasonable and fair and less than the amount which would probably be recovered in an action. By paragraph XI of the complaint this is pleaded as a conclusion of law; but there is no agreement pleaded upon which such a conclusion of law could be predicated. The complaint fails to make out a cause of action.

The order overruling the demurrer must be reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to plaintiff to plead over within six days on payment of said costs. All concur.